Filed 8/19/20  P. v. Jackson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>FREDERICK LEE JACKSON,<br><br>  Defendant and Appellant. | 2d Crim. No. B301919<br>(Super. Ct. No. CR34092)<br>(Ventura County) |

Frederick Lee Jackson appeals from an order denying his petition to vacate his first degree murder conviction and obtain resentencing under Senate Bill No. 1437 (S.B. 1437), which went into effect on January 1, 2019.  (See Stats. 2018, ch. 1015, § 4.)  S.B. 1437 amended the felony-murder rule and the natural and probable consequences doctrine insofar as it applies to murder.  It also added section 1170.95 to the Penal Code.[1]  If a defendant has previously been convicted of murder under the felony-murder rule or the natural and probable consequences doctrine and

_____

  [1] All further statutory references are to the Penal Code.

qualifies for relief under section 1170.95, the statute permits the defendant to petition to vacate the conviction and obtain resentencing on any remaining counts.

Section 1170.95, subdivision (c) provides, "If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." The trial court issued an order to show cause and conducted a hearing on the petition. The court ruled that, insofar as S.B. 1437 modified the felony-murder rule (§ 189), it unconstitutionally amended Proposition 115 because the Assembly had not passed it by a two-thirds margin. Therefore, without deciding whether appellant is entitled to relief under section 1170.95, the trial court denied his petition.

We conclude that S.B. 1437 passes constitutional muster. We reverse and remand the matter for further proceedings in accordance with section 1170.95.

*Facts*

Since the trial court's ruling and the arguments in the briefs are limited to the constitutionality of S.B. 1437, we omit a statement of facts underlying the murder conviction. A brief recitation of the facts appears at pages 2-4 of our nonpublished opinion affirming the 2005 judgment of conviction. (*People v. Jackson* (Mar. 18, 2008, B186302).)

*Procedural History*

In 2005 appellant was convicted by a jury of first degree murder after a retrial on that charge. In the original trial in 1995, he had been convicted of first degree murder and rape. In 2004 the Ninth Circuit Court of Appeals vacated the murder conviction. At the retrial of the murder charge, the jury found true an allegation that a principal in the commission of the

2

murder had been armed with a firearm. Appellant was sentenced to prison for 26 years to life.

In January 2019 appellant filed a petition for relief pursuant to section 1170.95. Appellant alleged, "I was convicted of 1st degree felony murder and I could not now be convicted because of changes to Penal Code § 189, effective January 1, 2019 . . . ."[2]

### S.B. 1437

"Under the felony-murder rule as it existed prior to Senate Bill 1437, a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state. [Citation.] . . . [¶] Independent of the felony-murder rule, the natural and probable consequences doctrine rendered a defendant liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed murder (a nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense. [Citation.]" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 247-248 (*Lamoureux*).)

In S.B. 1437 the legislature stated, "It is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual

_____

[2] We do not consider whether appellant was in fact convicted of felony murder. This issue is not before us. The trial court noted that, at the original trial in 1995, appellant was acquitted of kidnapping the victim. At the retrial in 2005, "[t]he jury found *not* true a special circumstances allegation that the murder had been committed during the commission of rape." (*People v. Jackson, supra,* [nonpub. opn.] at p. 1.)

killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To achieve this goal, S.B. 1437 amended section 189, insofar as it pertains to the felony-murder rule, to add subdivision (e), which provides: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: (1) The person was the actual killer. (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3, subd. (e).) S.B. 1437 also amended section 188, which defines "malice," to provide, "Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); see Stats. 2018, ch. 1015, § 2.)

Section 1170.95, added by S.B. 1437, provides in subdivision (a), "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when" certain conditions apply. One of the conditions is that "[t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made [by S.B. 1437] effective January 1, 2019."

4

*We Agree with Appellate Courts that Have*
*Upheld the Constitutionality of S.B. 1437*

The People argue, "S.B. 1437 is plagued by constitutional infirmity." They claim that it (1) unconstitutionally amends both Proposition 115 and Proposition 7, (2) "violates the separation of powers [doctrine] by infringing upon the function of the judiciary and the governor's exclusive power of clemency [capitalization omitted]," and (3) conflicts with victims' rights established by Proposition 9, "the Victims' Bill of Rights Act of 2008, also known as Marsy's law."

In November 2019, after the trial court's ruling that S.B. 1437 is unconstitutional, the Fourth District, Division One, of the Court of Appeal upheld the constitutionality of S.B. 1437 in two cases: *Lamoureux, supra,* 42 Cal.App.5th 241, and *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270 (*Gooden*).[3] In March 2020 the Fourth District, Division Three, upheld its constitutionality in two cases: *People v. Cruz* (2020) 46 Cal.App.5th 740, and *People v. Solis* (2020) 46 Cal.App.5th 762. Finally, in April 2020 this court upheld its constitutionality in *People v. Bucio* (2020) 48 Cal.App.5th 300. There is no published appellate court opinion concluding that S.B. 1437 is unconstitutional.

In the five published opinions listed above, the appellate courts considered and rejected the same arguments made by the People in the present case. We disagree with the People's claim that these "opinions are wrongly decided." For the reasons

---

[3] On February 19, 2020, the California Supreme Court denied review in both cases.

explained in these opinions, we reject the People's arguments that S.B. 1437 is unconstitutional.

We add an additional comment as to the People's claim that S.B. 1437 violates "the right to truth in sentencing which provides that criminal sentences 'shall not be substantially diminished by early release policies intended to alleviate overcrowding in custodial facilities.' (Cal. Const., art. I, § 28, subd. (f), par. (5).)" S.B. 1437 is not an "early release polic[y]." It is a penal reform measure designed "to more equitably sentence offenders in accordance with their involvement in homicides." (Stats. 2018, ch. 1015, § 1, subd. (b).) The legislature wanted to avoid "lengthy sentences that are not commensurate with the culpability of the individual." (*Id.*, § 1, subd. (e).)

Accordingly, the trial court erroneously denied appellant's section 1170.95 petition on constitutional grounds.

*Disposition*

The order denying appellant's section 1170.95 petition on constitutional grounds is reversed. The matter is remanded to the trial court with directions to conduct further proceedings pursuant to section 1170.95 and determine whether appellant is entitled to the relief for which he has petitioned. We express no opinion on how the trial court should rule.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.                    PERREN, J.

6

Derek Malan, Judge

Superior Court County of Ventura

_____

Law Offices of Allen g. Weinberg and Allen G. Weinberg, under appointment by the Court of Appeal for Defendant and Appellant.

Gregory D. Totten, District Attorney, Michelle J. Contois, Deputy District Attorney for Plaintiff and Respondent.